U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP -1 PM 4:43

CLERK
BY ______ KR
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

AMELINA ARCHELUS,
Plaintiff,

v.

SUNRISE SENIOR LIVING OF DECATUR,
Defendant.

No. 2:25-cv-00767-mkl

**ENTRY ORDER**
**DISMISSING AMENDED COMPLAINT**
(Doc. 7)

Plaintiff Amelina Archelus, a Vermont resident representing herself, seeks to bring an action against Sunrise Senior Living of Decatur concerning the suspension of her workers' compensation benefits. (Doc. 7 at 1–2.) Plaintiff's original Complaint was reviewed under 28 U.S.C. § 1915(e)(2)(B) and dismissed with leave to amend. (Doc. 6.) Plaintiff timely filed an Amended Complaint on January 29, 2026. (Doc. 7.)

For the reasons discussed below, the Amended Complaint is DISMISSED with prejudice.

## I. Pertinent Procedural History

On September 16, 2025, and November 4, 2025, respectively, Plaintiff filed actions against Defendant, her former employer. In both actions she alleged Defendant was responsible for her losing workers' compensation benefits and that, as a result, Plaintiff was unable to receive necessary medical treatment, leading to the worsening of her condition. (*See* Doc. 1-1 at 3–4.) These actions were consolidated on January 7, 2026. (Doc. 6 at 7–8.) Plaintiff's Complaint in her first action, Case No. 2:25-cv-767, was dismissed with leave to amend for failure to state a claim. (*Id.* at 9.) Her Complaint in her second action, Case No. 2:25-cv-868, was dismissed for lack of venue. *See Archelus v. Sunrise Senior Living*, No. 2:25-cv-868, Doc. 5 at 8. Plaintiff was granted

leave to file an Amended Complaint addressing the pleading deficiencies of the Complaint in Case No. 2:25-cv-767. (Doc. 6 at 8–9.) Plaintiff timely filed an Amended Complaint on January 29, 2026. (Doc. 7.)

## II. Allegations of the Proposed Amended Complaint

The court accepts all factual allegations in the complaint as true and construes the pleading to raise the strongest argument it suggests. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam). Courts must "liberally construe" pleadings that are submitted by pro se litigations. *Id.* (citation modified).

Plaintiff alleges that on November 28, 2022, she was involved in a work injury in which she was "assaulted in the head" while performing her job duties. (Doc. 7 at 1.) Plaintiff claims Defendant and its insurance company provided false information on her workers' compensation claim which led to Plaintiff's workers' compensation payments being suspended in February 2023. (*Id.*) Plaintiff avers in a conclusory manner that Defendant was "negligen[t,] envious[,] and [took] discriminatory actions towards [her] religion." (*Id.* at 1–2.) Due to Defendant's actions, Plaintiff states she was unable to get proper treatment for her injuries, which caused her health problems to worsen. (*Id.* at 2.) Additionally, Plaintiff alleges her finances, "work abilities," and "learning abilities" have been negatively impacted. (*Id.*) Plaintiff concludes by saying she has already provided the court with evidence of her doctor's orders and Defendant's "lies," and she asks the court to "please look into" her claims. (*Id.*) She seeks damages, "justice[,] and judg[]ment[.]" (*Id.*)

The court's previous order specifically directed Plaintiff to file an Amended Complaint which "set forth a factual and legal basis for this court's subject matter jurisdiction, demonstrate

that it is a proper venue, and state a claim for which relief may be granted." (Doc. 6 at 8.) Plaintiff, in the Amended Complaint, does not specify what causes of action she seeks to bring against Defendant or the basis for the court's subject matter jurisdiction.

**III. Statutory Screening Under 28 U.S.C. § 1915(e)(2)(B)**

Under the *in forma pauperis* statute, the court is required to conduct a screening of the Amended Complaint. The court must dismiss it if it determines that the action is "frivolous or malicious[,] fails to state a claim on which relief can be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Courts afford pleadings filed by self-represented parties "special solicitude." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, a complaint filed by a self-represented litigant must still contain "sufficient factual matter . . . to state a claim" for relief. *Iqbal*, 556 U.S. at 678 (citation modified).

When it determine whether a complaint states a plausible claim for relief, the court must accept the factual allegations as true. *Id.* at 678; *see also* Fed. R. Civ. P. 8(a)(1)–(3) (listing required contents of a pleading that states a claim for relief). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Importantly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Self-represented litigants must satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80–81 (2d Cir. 2020).

"Federal courts have a duty to inquire into their subject matter jurisdiction sua sponte." *D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014); *see also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) (stating courts have an "independent obligation" to consider the issue of subject matter jurisdiction sua sponte (citing *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 328 (2d Cir. 2005))). "[T]he party asserting federal jurisdiction bears the burden of establishing jurisdiction" exists. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). For the court to assert federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff must "plead a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation modified). A federal court may also exercise subject matter jurisdiction over disputes arising under state law "on the basis of citizenship, where the requirements for diversity jurisdiction are satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 n.3 (2d Cir. 2006); *see also* 28 U.S.C. § 1332(a)(1) (stating that diversity jurisdiction will lie when the "matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States").

The Amended Complaint does not indicate what causes of action Plaintiff seeks to assert. While Plaintiff states in a conclusory manner that Defendant's actions were "negligen[t]" and "discriminatory," such allegations, standing alone, are insufficient to assert a cause of action. (Doc. 7 at 1–2.) Additionally, subject to exceptions that do not appear to be present here, the workers' compensation administrative process is the sole and exclusive legal remedy for employees who suffer a work-related injury. *See* 21 V.S.A. § 622 (explaining that the rights and remedies provided to employees under the Vermont workers' compensation statute "exclude all other rights and remedies of the employee"); Ga. Code Ann. § 34-9-11 (explaining that the rights and remedies provided to employees under the Georgia workers' compensation statute "exclude

and [are] in place of all other rights and remedies of such employee"). To the extent that Plaintiff is seeking to appeal a decision of the Georgia State Board of Workers' Compensation, the court lacks subject matter jurisdiction over any such claim.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Mortisugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Plaintiff has already been granted leave to amend and failed to state a claim over which the court may exercise subject matter jurisdiction in the Amended Complaint. (*See* Doc. 6.) Further amendment would be futile. Accordingly, Plaintiff's action is DISMISSED with prejudice.

**CONCLUSION**

For the reasons stated above, and having conducted the review required under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Amended Complaint is DISMISSED with prejudice. The Clerk of Court is directed to close the case. The court hereby certifies that, under 28 U.S.C. § 1915(a)(3), any appeal would not be taken in good faith.

SO ORDERED

Dated at Rutland, in the District of Vermont, this 1st day of September 2026.

Mary Kay Lanthier
United States District Judge